# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMUR EQUIPMENT FINANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHD TRANSPORT, INC. d/b/a SINGH TRANSPORTATION and BALVINDER SINGH,<br><br>Defendants. | CASE NO. 1:17-cv-00416-AWI-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 14) |

## **ORDER**

On June 24, 2017, the Court ordered Plaintiff to file a request for entry of default against Defendants by no later than July 31, 2017, and to file a motion for default judgment against Defendants by no later than August 14, 2017. (Doc. 13.) On July 31, 2017, instead of filing a request for entry of default, Plaintiff filed a "Notice of Motion and Motion for Default Judgment" (the "Motion"). (Doc. 14.)

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court.** In all other cases, the party must apply to the court for

a default judgment . . . .

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also Marty v. Green,* No. 2:10–cv–01823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); *Cramer v. Target Corp.*, No. 1:08–cv–01693–OWW–SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

Here, despite the Court's order providing a deadline by which to do so, Plaintiff did not request or obtain a clerk's entry of default from the Clerk of Court upon a showing by affidavit or otherwise that Defendants failed to plead or otherwise defend themselves. Accordingly, the Motion is not properly before the Court and is DENIED WITHOUT PREJUDICE.

By no later than August 11, 2017, Plaintiff is once again ORDERED to file a request for entry of default against Defendants in accordance with Fed. R. Civ. P. 55. Plaintiff's renewed motion for default judgment against Defendants is ORDERED to be filed no later than August 25, 2017, and shall be noticed for hearing before the undersigned.

IT IS SO ORDERED.

Dated: **August 3, 2017**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE