Vedder Price (CA), LLP
Lisa M. Simonetti (SBN 165996)
lsimonetti@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (424) 204 7700
Facsimile : (424) 204 7702

Attorneys for Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMUR EQUIPMENT FINANCE, INC. F/K/A AXIS CAPITAL, INC., <br><br>Plaintiff, <br><br>vs. <br><br>CHD TRANSPORT INC. D/B/A SINGH TRANSPORTATION AND BALVINDER SINGH, <br><br>Defendants. | Case No. 1:17-cv-00416-AWI-SKO <br><br>**DECLARATION OF STACIE VAN BIBBER** <br><br>JUDGE: Sheila K. Oberto, U.S.M.J. |

## DECLARATION OF STACIE VAN BIBBER

**I, Stacie Van Bibber**, in support of the renewed application of plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc. ("AMUR") for an Order granting default judgment in favor of AMUR and against Defendants CHD Transportation d/b/a Singh Transportation ("CHD") and Balvinder Singh ("Singh," and collectively with CHD, the "Defendants"), declare as follows:

1. I am employed by AMUR as a Collections Analyst. I make this Declaration based on my personal knowledge of the facts stated herein, which such facts are true and correct. AMUR is a Nebraska corporation with its principal place of business in Nebraska. AMUR is authorized to do business in the State of California. I am over the age of eighteen and have no disabilities that would

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Stacie Van Bibber in support of
Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO

prevent me from giving this Declaration. I am authorized to give this Declaration on AMUR's behalf.

2. I have personal knowledge of, and am competent to testify regarding, the facts and circumstances set forth herein, except for those matters that are stated on information and belief. The facts stated of my personal knowledge are true, and the matters stated on information and belief, I believe to be true, with my belief based upon, among other things, the representations of the Defendants and the provisions of the Defendants' agreements with AMUR. The estimate of the fair market value of the equipment described herein is based upon the nature and age of the equipment and my consultation with AMUR personnel with experience financing, leasing and liquidating this type of equipment. I am familiar with the dealings and transactions between AMUR and the Defendants, I have reviewed the business records of AMUR relating to the accounts of the Defendants, and I have spoken with the other AMUR employees who have worked on the accounts of the Defendants. As such, I am able to swear, and do swear, that the facts and statements made herein are true and correct.

3. Attached hereto are records from AMUR, which records I hereby certify are true and correct copies thereof. AMUR keeps these records in the regular course of business, and it was in the regular course of AMUR's business for an employee or representative of AMUR, with knowledge of the act, event, condition or opinion recorded, to make the records or to transmit information thereof to be included in such records, and the records were made at or near such time or reasonably soon thereafter. I am a custodian of AMUR's business records relating to the accounts of the Defendants. Neither the source of information nor the method or circumstances of preparation of any business record indicate a lack of trustworthiness.

Declaration of Stacie Van Bibber in support of
Plaintiff's Renewed Motion for Default
Judgment
Case No.: 1:17-cv-00416-AWI-SKO

- 2 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.   The 930282 Finance Agreement and Guaranty.

4.   AMUR and CHD are parties to that certain Equipment Finance Agreement, referred to as Agreement Number 930282 (as amended, restated, supplemented, and/or modified from time to time, the "**930282 Finance Agreement**"), pursuant to which (a) AMUR lent funds to CHD, and CHD agreed to repay such lent funds, in accordance with the terms of the 930282 Finance Agreement, and (b) CHD granted AMUR a first priority security interest in the equipment purchased with the funds AMUR lent pursuant to the 930282 Finance Agreement (collectively, the "**930282 Financed Equipment**").  A true and correct copy of the 930282 Finance Agreement is attached hereto and incorporated by reference herein as **Exhibit A**.

5.   Pursuant to the terms of the 930282 Finance Agreement, CHD is required to make monthly payments to AMUR for forty-nine (49) months as follows:  (a) one payment in the amount of $7,399.70 for the first month; and (b) payments in the amount of $1,712.52 per month for forty-eight (48) months, in addition to other amounts due under the terms of the 930282 Finance Agreement.

6.   The 930282 Financed Equipment consists of a 2016 Utility Trailer, Model VS2RA, VIN # 1UY VS2536 GU5544 19.

7.   Attached as **Exhibit B** hereto is a true and correct copy of the Uniform Commercial Code (the "**UCC**") financing statement that AMUR filed with the California Department of State covering the 930282 Financed Equipment.

8.   In order to induce AMUR to enter into the 930282 Finance Agreement, Singh executed and delivered to AMUR a written personal guaranty (the "**930282 Singh Guaranty**") agreeing to unconditionally guaranty the payment and performance of all obligations owed to AMUR by CHD under the 930282 Finance Agreement.  A true and correct copy of the 930282 Singh Guaranty can be found on page one of the 930282 Finance Agreement, attached hereto as Exhibit A.

Declaration of Stacie Van Bibber in support of Plaintiff's Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO
- 3 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

9.   AMUR accepted the 930282 Singh Guaranty, relied upon the same and, in consideration for the 930282 Singh Guaranty, entered into the 930282 Finance Agreement with CHD.

10.  CHD defaulted in its obligations under the 930282 Finance Agreement by, among other things, failing to pay the amounts due and owing thereunder when those amounts became due.

11.  As a result of CHD's defaults, and in accordance with the 930282 Finance Agreement, AMUR exercised its right to accelerate and declare immediately due and payable all amounts due under the 930282 Finance Agreement.

12.  AMUR has demanded that CHD pay all amounts due to AMUR under the 930282 Finance Agreement.

13.  Despite AMUR's repeated demands, CHD has failed to pay the amounts demanded by AMUR and due under the 930282 Finance Agreement and has further failed to turn over the 930282 Financed Equipment to AMUR.

14.  Under the 930282 Finance Agreement, CHD is obligated to pay all reasonable attorneys' fees and costs incurred by AMUR in the enforcement of the 930282 Finance Agreement.

15.  AMUR has performed and continues to perform all the terms, conditions and covenants, if any such terms, conditions and covenants exist, required of AMUR under the 930282 Finance Agreement.

16.  Upon CHD's default under the 930282 Finance Agreement, the 930282 Singh Guaranty allows AMUR to proceed against Singh for the amounts due under the 930282 Finance Agreement.

17.  AMUR has demanded that Singh pay all amounts due to AMUR under the 930282 Finance Agreement and the 930282 Singh Guaranty.

Declaration of Stacie Van Bibber in support of Plaintiff's Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO

- 4 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

18. Despite AMUR's demands, Singh has failed to pay the amounts due and owing to AMUR under the 930282 Finance Agreement and the 930282 Singh Guaranty.

19. All conditions precedent for the maintenance of this action on the 930282 Singh Guaranty, if any such conditions precedent exist, have been performed, satisfied or waived.

**II.   The 931428 Finance Agreement and Guaranty.**

20. AMUR and CHD are parties to that certain Equipment Finance Agreement, referred to as Agreement Number 931428 (as amended, restated, supplemented, and/or modified from time to time, the "<u>931428 Finance Agreement</u>," and collectively with the 930282 Finance Agreement, the "<u>Finance Agreements</u>"), pursuant to which (a) AMUR lent funds to CHD, and CHD agreed to repay such lent funds, in accordance with the terms of the 931428 Finance Agreement, and (b) CHD granted AMUR a first priority security interest in the equipment purchased with the funds AMUR lent pursuant to the 931428 Finance Agreement (collectively, the "<u>931428 Financed Equipment</u>," and collectively with the 930282 Finance Equipment, the "<u>Financed Equipment</u>"). A true and correct copy of the 931428 Finance Agreement is attached hereto and incorporated by reference herein as **Exhibit C**.

21. Pursuant to the terms of the 931428 Finance Agreement, CHD is required to make monthly payments to AMUR for sixty-one (61) months as follows: (a) one payment in the amount of $7,400.00 for the first month; and (b) payments in the amount of $1,498.83 per month for sixty (60) months, in addition to other amounts due under the terms of the 931428 Finance Agreement.

22. The 931428 Financed Equipment consists of a 2016 Utility Trailer, Model VS2RA, VIN # 1UY VS2538 GU6118 48.

Declaration of Stacie Van Bibber in support of Plaintiff's Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO

- 5 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

23. Attached as **Exhibit D** hereto is a true and correct copy of the UCC financing statement that AMUR filed with the California Department of State covering the 931428 Financed Equipment.

24. In order to induce AMUR to enter into the 931428 Finance Agreement, Singh executed and delivered to AMUR a written personal guaranty (the "931428 Singh Guaranty," and collectively with the 930282 Singh Guaranty, the "Guaranties," and the Guaranties collectively with the Finance Agreements, the "Contracts") agreeing to unconditionally guaranty the payment and performance of all obligations owed to AMUR by CHD under the 931428 Finance Agreement. A true and correct copy of the 931428 Singh Guaranty can be found on page one of the 931428 Finance Agreement, attached hereto as Exhibit C.

25. AMUR accepted the 931428 Singh Guaranty, relied upon the same and, in consideration for the 931428 Singh Guaranty, entered into the 931428 Finance Agreement with CHD.

26. CHD defaulted in its obligations under the 931428 Finance Agreement by, among other things, failing to pay the amounts due and owing thereunder when those amounts became due.

27. As a result of CHD's defaults, and in accordance with the 931428 Finance Agreement, AMUR exercised its right to accelerate and declare immediately due and payable all amounts due under the 931428 Finance Agreement.

28. AMUR has demanded that CHD pay all amounts due to AMUR under the 931428 Finance Agreement.

29. Despite AMUR's repeated demands, CHD has failed to pay the amounts demanded by AMUR and due under the 931428 Finance Agreement and has further failed to turn over the 931428 Financed to AMUR.

30. Under the 931428 Finance Agreement, CHD is obligated to pay all reasonable attorneys' fees and costs incurred by AMUR in the enforcement of the 931428 Finance Agreement.

31. AMUR has performed and continues to perform all the terms, conditions and covenants, if any such terms, conditions and covenants exist, required of AMUR under the 931428 Finance Agreement.

32. Upon CHD's default under the 931428 Finance Agreement, the 931428 Singh Guaranty allows AMUR to proceed against Singh for the amounts due under the 931428 Finance Agreement.

33. AMUR has demanded that Singh pay all amounts due to AMUR under the 931428 Finance Agreement and the 931428 Singh Guaranty.

34. Despite AMUR's demands, Singh has failed to pay the amounts due and owing to AMUR under the 931428 Finance Agreement and the 931428 Singh Guaranty.

35. All conditions precedent for the maintenance of this action on the 931428 Singh Guaranty, if any such conditions precedent exist, have been performed, satisfied or waived.

### III. Repossession And Sale Of The Financed Equipment.

36. As set forth herein, *supra*, subsequent to CHD's default under the Contracts and the default of Singh under the Guaranties for failing to pay amounts due, AMUR sought to obtain payment of the amounts due and owing under the Contracts from the Defendants in accordance with the Contracts.

37. The Defendants failed to pay the amounts due and owing to AMUR under the Contracts.

38. Thereafter, an AMUR-retained recovery firm repossessed the Financed Equipment and sold the 930282 Financed Equipment for $4,000.00 and the 931428 Financed Equipment for $6,000.00.

39. AMUR applied the sale proceeds toward the amount due and owing from the Defendants under the Contracts.

**IV. Amounts Due And Owing.**

40. As a proximate result of CHD's defaults of its obligations under the 930282 Finance Agreement and taking into account the net sales proceeds of the 930282 Financed Equipment, AMUR has been damaged in the sum of no less than $65,268.93 as of July 31, 2017, in addition to (a) all costs and attorneys' fees incurred and to be incurred by AMUR in connection with the enforcement of its remedies under the 930282 Finance Agreement (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (b) post-judgment interest at the applicable rate, and (c) all other amounts due AMUR under the 930282 Finance Agreement and applicable law.

41. As a proximate result of CHD's defaults of its obligations under the 931428 Finance Agreement and taking into account the net sales proceeds of the 931428 Financed Equipment, AMUR has been damaged in the sum of no less than $78,506.57 as of July 31, 2017, in addition to (a) all costs and attorneys' fees incurred and to be incurred by AMUR in connection with the enforcement of its remedies under the 931428 Finance Agreement (including, without limitation, all pre-judgment and post-judgment attorneys' fees and costs), (b) post-judgment interest at the applicable rate, and (c) all other amounts due AMUR under the 931428 Finance Agreement and applicable law.

Declaration of Stacie Van Bibber in support of Plaintiff's Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO

- 8 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

I declare under penalty of perjury under the laws of the United States, the State of Nebraska and the State of California that the foregoing is true and correct.

Executed this 21st day of August 2017 at Grand Island, Nebraska.

                                        */s/ Stacie Van Bibber*
                                        Stacie Van Bibber

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Stacie Van Bibber in support of Plaintiff's Renewed Motion for Default Judgment
Case No.: 1:17-cv-00416-AWI-SKO

- 9 -