# EXHIBIT A

# EQUIPMENT FINANCE AGREEMENT

Agreement No. 930282
Customer No. 02X045
www.axiscapitalinc.com


axis Capital, Inc.

308 N LOCUST ST
GRAND ISLAND, NE 68801
308-398-4140
308-398-4141 FAX

| DEBTOR ("you" or "your"): CHD TRANSPORT INC d/b/a SINGH TRANSPORTATION | STREET ADDRESS 3449 WEST WRENWOOD AVENUE | CITY FRESNO | STATE CA | ZIP 93711 | SUPPLIER: See Schedule A |

| COLLATERAL LOCATION (if different from above) 3449 WEST WRENWOOD AVENUE FRESNO, CA 93711 | BUSINESS PHONE (559) 519-2096 | EMAIL ADDRESS | COLLATERAL ("Collateral"): See Schedule A |

| TERM (in months) 49 | PAYMENT AMOUNT  1 @ $7,399.70   48 @ $1,712.52 |

1. **Agreement.** AXIS Capital, Inc. ("Secured Party", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral following your acceptance of it. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based by up to 15% or to decrease without limit to reflect the changes in the final amount paid to the supplier. Any amount not paid within 10 days of when due is subject to a late charge of the lower of (i) the greater of 10% or $25.00, or (ii) the highest amount allowed by law.

2. **Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. Disclaimer of Warranties and Claims. We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason. You acknowledge you selected the Collateral and the Supplier and the Supplier is not our agent nor are we its agent. You agree the Collateral will only be used for commercial or business purposes only and in compliance with law.

3. **Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted to their then present value (determined at a discount rate of 3% per annum) as of the date such amount is received by us. You will indemnify and hold us, our members, managers, employees or assigns harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

4. **Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. We will pay any personal property, use/ng and/or sales taxes relating to the Collateral and you will reimburse us plus fees for administration costs. You agree to pay us documentation fees and all other fees we deem necessary.

5. **Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required to, buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

6. **Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this Agreement or any other Agreement entered into by you and held or serviced by us, when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this Agreement, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted to their then present value (determined at a discount rate of 3% per annum); (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur when enforcing our rights including our attorneys' fees and costs of repossession, repair, storage, and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default. Default interest will be charged on the amount calculated in clause (c) above in this Section at the lower of the 18% per annum or the highest amount allowed by law.

7. **General.** This EFA shall be governed and construed under the laws of the State of Nebraska without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of courts located in Nebraska in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conveniens and waive any right to a jury trial. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, the supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. All fees may not only cover our costs but may include a profit. If Lessee constitutes more than one person, the liability of each shall be joint and several. Debtor authorizes Secured Party or their assigns to obtain a personal credit report on all principals and guarantors for credit purposes. Debtor also agrees to release any credit information requested by Secured Party, which may include business or personal banking, mortgage, tax returns, landlord, trade or finance information. A facsimile of this EFA agreement may be the equivalent of an original. Debtor authorizes AXIS Capital, Inc. to insert or correct the Debtor name, address, equipment location, or signature date. THIS EFA WILL BE NON-CANCELABLE FOR THE FULL TERM. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the recipient at its address set forth above or such other address given to the sender by written notice.

By execution of this Equipment Finance Agreement, the undersigned Debtor hereby certifies he/she is elected and authorized to negotiate, procure, and execute an Equipment Finance Agreement on behalf of the Debtor and any documentation covering such agreement. *By signing below Debtor irrevocably accepts delivery of the Collateral under the Equipment Finance Agreement and irrevocably authorizes Secured Party to pay the Supplier on behalf of the Debtor.*

| Debtor Name: CHD TRANSPORT INC d/b/a SINGH TRANSPORTATION | ACCEPTED BY SECURED PARTY: AXIS CAPITAL, INC. | Date: 8-24-15 |
| Signature: | BY: |
| Printed Name and Title: BALWINDER SINGH, PRESIDENT | Printed Name and Title: Janny Wilson, Funding Manager |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | Guarantor Signature: |
| Printed Name: (no title) BALWINDER SINGH | Printed Name: (no title) |

**AUTHORIZATION FOR ACH DEBITS/CREDITS:** Debtor authorizes you, your successors and assigns to automatically initiate and make debit entry charges to Lessee's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA. Any incorrect charges will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| BANK NAME: | Hunters Bank | | CHD Transport Inc 10996 |
| ROUTING #: | | | |
| ACCOUNT #: | 8559 | | Balwinder Singh Pres |
| Authorized Signature: | | | |

## ADDENDUM TO EQUIPMENT FINANCE AGREEMENT

**REFERENCE:**

SECURED PARTY: AXIS CAPITAL INC

DEBTOR: CHD TRANSPORT INC d/b/a SINGH TRANSPORTATION

SUPPLIER: UTILITY TRAILER SALES

AGREEMENT NO.: 930282

EQUIPMENT: SEE SCHEDULE A

This Addendum to Equipment Finance Agreement ("Addendum") shall amend the Equipment Finance Agreement by and between Axis Capital, Inc. ("Secured Party") and the above Debtor with reference to the above finance transaction ("Finance Agreement"). All terms and conditions of the Finance Agreement not inconsistent with this Addendum shall be and remain in full force and effect.

THIS ADDENDUM SHALL CORRECT THE MAIN SIGNOR'S NAME TO BALVINDER SINGH.

A photocopy or facsimile of this Addendum will be legally admissible under the "best evidence rule." A signed copy of this Addendum sent by facsimile shall be treated as an original document and shall be admissible as evidence thereof, and all signatures thereon shall be binding as if manual signatures were personally delivered.

The parties hereto have set their hands and seals to this Addendum and acknowledge receipt of a true copy hereof on the date(s) indicated below.

ACCEPTED BY: AXIS CAPITAL, INC.

Signature: _____     Date: 8-24-15