Vedder Price (CA), LLP
Lisa M. Simonetti (SBN 165996)
lsimonetti@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (424) 204 7700
Facsimile : (424) 204 7702

Attorneys for Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMUR EQUIPMENT FINANCE, INC. F/K/A AXIS CAPITAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHD TRANSPORT INC. D/B/A SINGH TRANSPORTATION AND BALVINDER SINGH,<br><br>Defendants. | Case No. 1:17-cv-00416-AWI-SKO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF AMUR EQUIPMENT FINANCE, INC. f/k/a AXIS CAPITAL, INC.'S REQUEST FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc. ("AMUR" or "Plaintiff") hereby submits this memorandum of law and the Declarations of Lisa M. Simonetti, Esq., Mitchell D. Cohen, Esq., Fleming L. Ware, Esq., and Ashley Huddleston, Esq. in support of its request for contractual attorneys' fees and costs.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

By way of background, AMUR and defendants CHD Transport Inc. d/b/a Singh Transportation ("CHD") and Balvinder Singh ("Singh," and collectively with CHD, the "Defendants") entered into certain finance agreements (each a "Finance Agreement" and collectively, the "Finance Agreements") and related personal

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

Memorandum of Law in Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Request for Attorneys' Fees and Costs
CASE NO.: 1:17-CV-00416-AWI-SKO

guaranties (each a "Guaranty" and collectively, the "Guaranties," and collectively with the Finance Agreements, the "Contracts") that provide for the recovery of attorneys' fees and costs. *See* Declaration of Stacie Van Bibber[1], dated the 21st day of August, 2017 (the "Van Bibber Dec."), Exs. A ¶ 6 and C ¶ 6. Particularly, each of the Finance Agreements provide: "**6. Default and Remedies**. … You shall reimburse us for all costs we incur when enforcing out rights including our attorneys' fees and costs of repossession, repair, storage, and remarketing of the collateral." *See id* (emphasis in original). Likewise, the Guaranties provide, "[y]ou agree to pay us all our expenses in enforcing this Guaranty." *See* Van Bibber Dec. Exs. A and C.

As set forth in the Van Bibber Declaration, the Defendants defaulted under the Contracts, AMUR commenced the above-referenced action (the "Action"), and, in connection therewith, AMUR has incurred attorneys' fees and costs in prosecuting the Action. *See generally* Van Bibber Dec. ¶¶ 10; 13; 18; 26; 29; 30.

On August 23, 2017, AMUR filed a motion for default judgment (the "Motion") and therein, requested an award of contractual attorneys' fees and costs. (*Docket No. 22*). On September 19, 2017, this Court directed AMUR to supplement the Motion with (1) evidence supporting AMUR's requested hourly rates for each attorney for whom it seeks fees in the Motion; (2) an itemization of the total costs that AMUR requests in the Motion; and (3) a brief discussion of whether the costs that AMUR requested are recoverable under federal law. (*Docket No. 24*). On September 22, 2017, AMUR requested a brief extension of time to supplement the Motion, until Monday, October 2, 2017, which this Court granted. (*Docket Nos. 25 , 26*).

---

[1] The Van Bibber Declaration was filed with this Court on August 23, 2017 in support of AMUR's motion for default judgment and is hereby incorporated by reference. (*Docket No. 22, Attachment 1*).

Memorandum of Law in Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Request for Attorneys' Fees and Costs
CASE NO.: 1:17-CV-00416-AWI-SKO

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

Accordingly, AMUR hereby supplements the Motion and respectfully requests that this Court award it its contractual attorneys' fees and costs incurred in connection with the Action.

## LEGAL ARGUMENT

### AMUR IS ENTITLED TO AN AWARD OF CONTRACTUAL ATTORNEYS' FEES AND COSTS UNDER FEDERAL LAW

The law and the facts are clear that an award of contractual attorneys' fees and costs is permitted in the Action. Accordingly, AMUR respectfully requests that this Court award it its contractual attorneys' fees and costs incurred in the Action.

**A.  Civil Code Section 1717 Provides For The Recovery Of Contractual Attorneys' Fees And Costs In This Diversity Case.**

In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees. *Carnes v. Zamani,* 488 F.3d 1057, 1059 (9th Cir.2007). California Civil Code § 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ.Code § 1717(a). California courts liberally construe "on a contract" to include any action that involves a contract where one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit. *In re Baroff,* 105 F.3d 439, 442-43 (9th Cir.1997).

When a party prevails in litigation regarding a contract which contains an attorney fee clause, Civil Code section 1717 directs that, upon motion of the prevailing party, "[r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." *Yuba Cypress Hous. Partners, Ltd. v. Area*

- 3 -

Memorandum of Law in Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Request for Attorneys' Fees and Costs
CASE NO.: 1:17-CV-00416-AWI-SKO

*Developers*, 98 Cal. App. 4th 1077, 1083, 120 Cal. Rptr. 2d 273, 278 (2002). In California, the fee setting inquiry ordinarily begins with the "lodestar," *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate. "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* The prevailing party bears the burden to prove the appropriate market rate to be used in calculating the lodestar. *MBNA America Bank, N.A. v. Gorman*, 54 Cal.Rptr.3d 724, 147 Cal.App. 4th Supp. 1, 13 (2006). This burden may be satisfied through affidavits, without additional evidence. *Id.* "Moreover, in assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." *Id.* (citing *Ketchum v. Moses*, 24 Cal.4th 1122, 1139, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001)).

"Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust." *Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal.App.4th 440, 446, 94 Cal.Rptr.2d 143 (2000) (citing *Serrano v. Unruh*, 32 Cal.3d 621, 632-33, 186 Cal.Rptr. 754, 652 P.2d 985 (1982)). "Time is compensable if it was reasonably expended and is the type of work that would be billed to a client." *MBNA American Bank*, 54 Cal.Rptr.3d 724, 147 Cal.App. 4th Supp. at 12.[4] The prevailing party bears the burden of documenting the appropriate hours expended and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).[5] The opposing party bears the burden of rebuttal, which requires the submission of evidence challenging the accuracy and

- 4 -

Memorandum of Law in Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Request for Attorneys' Fees and Costs
CASE NO.: 1:17-CV-00416-AWI-SKO

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Gates,* 987 F.2d at 1397-98.

**B.   AMUR Is Entitled To An Award Of Attorneys' Fees And Costs.**

In this case, AMUR is entitled to an award of its contractual attorneys' fees and costs. As an initial matter, the law is clear that recovery of contractual attorneys' fees and costs are permitted in the Action, as the Contracts provide for the recovery of attorneys' fees and costs and AMUR is the prevailing party in the Action, as it is not disputed that the Defendants' breached the Contracts.

Further, AMUR has supported its request for contractual attorneys' fees and costs with declarations from each attorney expending time on the Action, setting forth their hourly rate and the time expended on the matter and that the fees and costs incurred by AMUR were reasonable, necessary, and appropriate. In addition, pursuant to this Court's requests, AMUR has provided a breakdown of fees and costs incurred by AMUR in connection with the Action. Accordingly, the facts and law support the award of attorneys' fees and costs requested by AMUR.

## CONCLUSION

AMUR respectfully requests this this Court award AMUR its attorneys' fees and costs incurred in connection with the Action.

Dated:  October 2, 2017            VEDDER PRICE (CA), LLP


                                   By: /s/ Lisa M. Simonetti
                                       Lisa M. Simonetti

                                   Attorneys for Plaintiff AMUR
                                   Equipment Finance, Inc. f/k/a Axis
                                   Capital, Inc.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

Memorandum of Law in Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Request for Attorneys' Fees and Costs
CASE NO.: 1:17-CV-00416-AWI-SKO