# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMUR EQUIPMENT FINANCE, INC., | Case No. 1:17-cv-00416-AWI-SKO |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SUPPLEMENT RECORD REGARDING APPLICABLE LAW** |
| v. | |
| CHD TRANSPORT, INC. dba SINGH TRANSPORTATION, et al., | (Doc. 22) |
| Defendants. | |

Before the Court is Plaintiff's Renewed Motion for Default Judgment (the "Motion") against Defendants CHD Transport Inc. d/b/a Singh Transportation ("CHD") and Balvinder Singh ("Singh") (collectively "Defendants"). (Doc. 22.) After reviewing the Motion, and Plaintiff's Memorandum of Law in Support of its Request for Attorney's Fees and Costs (Doc. 28), the Court notes that Plaintiff does not address whether, pursuant to the subject agreements' choice of law provision[1], Nebraska law governs the determination of issues relating to the agreements, including the merits Plaintiff's breach of contract claims, applicability of prejudgment interest, and

---

[1] Plaintiff's complaint includes claims against CHD for breaches of the 930282 Finance Agreement and the 931428 Finance Agreement, and claims against Singh for breaches of the 930282 Singh Guaranty and the 931428 Singh Guaranty. (*See* Doc. 1 ("Compl.") ¶¶ 43–56.) The 930282 Finance Agreement and the 931428 Finance Agreement include an identical choice-of-law provision that states they "shall be governed by and construed under the laws of the State of Nebraska without reference to its principles of conflicts of law." (Compl., Exs. A , C.) This "governing law" provision also "appl[ies] to any action to enforce" the 930282 Singh Guaranty and the 931428 Singh Guaranty. (*Id.*)

Plaintiff's claim for attorney's fees. Nor does Plaintiff address whether, assuming Nebraska law applies, it can recover for attorney's fees and for prejudgment interest on those fees and costs. The Court finds that resolution of these is necessary for the adjudication of Plaintiff's Motion.

Accordingly, by no later than **Friday, October 13, 2017,** the Court ORDERS that Plaintiff file a supplemental brief, of no more than fifteen (15) pages in length, addressing:

(1) whether, under California choice of law analysis, the choice of law provision in the agreements is enforceable[2];

(2) assuming the provision is enforceable, whether, under California choice of law analysis, Nebraska or California law applies to Plaintiff's breach of contract claims;

(3) assuming the provision is enforceable, whether, under California choice of law analysis, Nebraska or California law governs Plaintiff's requests for attorney's fees and prejudgment interest on those fees and costs; and

(4) assuming Nebraska law applies, whether Plaintiff can recover attorney's fees and prejudgment interest on those fees and costs.

IT IS SO ORDERED.

Dated:   **October 4, 2017**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

---

[2] It appears California choice of law rules would apply regardless of the fact that the parties agreed that Nebraska law would govern "without reference to its principles of conflicts of laws." *See JMP Sec. LLP v. Altair Nanotechnologies Inc.*, No. 11-4498 SC, 2012 WL 892157, at *6 and n.1 (N.D. Cal. Mar. 14, 2012).