Vedder Price (CA), LLP
Lisa M. Simonetti (SBN 165996)
lsimonetti@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (424) 204 7700
Facsimile :   (424) 204 7702

Attorneys for Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMUR EQUIPMENT FINANCE, INC. F/K/A AXIS CAPITAL, INC., <br><br>Plaintiff, <br><br>vs. <br><br>CHD TRANSPORT INC. D/B/A SINGH TRANSPORTATION AND BALVINDER SINGH, <br><br>Defendants. | Case No.  1:17-cv-00416-AWI-SKO <br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF AMUR EQUIPMENT FINANCE, INC. f/k/a AXIS CAPITAL, INC.'S  RENEWED MOTION FOR DEFAULT JUDGMENT** |

Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc. ("AMUR" or "Plaintiff") hereby submits this supplemental memorandum of law in further support of its Renewed Motion for Default Judgment and to respond to the questions posed by the Court on October 4, 2017[1].  [*Docket No. 30*].

**LEGAL ARGUMENT**

**A.    The Choice Of Law Provision Is Enforceable Under A California Choice Of Law Analysis.**

In federal cases where jurisdiction is based on diversity, the conflict of law

---

[1] On AMUR's request, the court granted AMUR an extension of time to respond to the Court's questions until Friday, October 20, 2017. [*Docket No. 33*].

Supplemental Memorandum of Law in Further Support
of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis
Capital, Inc.'s  Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

principles of the forum state determine the controlling substantive law. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1404 (9th Cir. 1986); *Carnes v. Zamani,* 488 F.3d 1057, 1059 (9th Cir.2007).  Here, California is the forum state and therefore, California choice of law analysis applies to determine whether California or Nebraska law controls.

In California, when determining whether a choice-of-law clause is enforceable, a court must first determine whether (1) the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any reasonable basis for the parties' choice of law. *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 466 (1992).  If neither test is met, the choice of law provisions is unenforceable; however, if either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. *Id.*  If there is no conflicting fundamental California policy, the choice of law provision is enforceable. But, if there is such a conflict, the court must take the extra step of determining whether "'California has a materially greater interest than the chosen state in the determination of the particular issue.  If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstances, [California courts] will decline to enforce a law contrary to this state's fundamental policy.'"  *Id.* (internal citations omitted).

Here, the Finance Agreements[2] provide, "[t]his EFA shall be governed and construed under the laws of the State of Nebraska without reference to its principles of conflicts of laws." Declaration of Stacie Van Bibber ("<u>Van Bibber Dec.</u>") dated, July 31, 2017, Exs. A ¶ 7 and C ¶ 7.  The Guaranties further provide, "[t]he

---

[2] Capitalized terms not defined herein bear the same meaning as set forth in the Declaration of Stacie Van Bibber, which was filed with this Court on July 31, 2017 and is incorporated herein by reference.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s  Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

governing law and venue provisions of the EFA shall apply to any action to enforce this guaranty." Van Bibber Dec. Exs. A p. 1 (Guaranty) and Ex. C p. 1 (Guaranty). Accordingly, there can be no doubt that the parties designated Nebraska law to govern the Finance Agreements. Similarly, there can be no dispute that Nebraska, the state law chosen by the parties, has a substantial relationship to the parties, as AMUR is a Nebraska corporation with its principal place of business in Nebraska. *See Nedlloyd Lines,* 3 Cal.4th at 467, (" 'A party's incorporation in a state is a contact sufficient to allow the parties to choose that state's law to govern their contract.' ") (quoting *Carlock v. Pillsbury Co.,* 719 F.Supp. 791, 807 (D. Minn. 1989)); Van Bibber Dec. ¶ 1. Continuing to apply California's choice of law provision, no California fundamental policy exists that would override the application of Nebraska law in this ordinary breach of contract case. Accordingly, the choice of law provision is valid and enforceable under a California choice of law analysis.

**B.    Nebraska Law Governs AMUR's Breach Of Contract Claims.**

Because the choice of law provision is enforceable, *see* Section A, *supra*, and the Finance Agreements[3] undisputedly designate Nebraska law to govern, Nebraska law applies to AMUR's breach of contract claims.

"In order to recover in an action for breach of contract [in Nebraska], the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730, (2000); *see also Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002).

---

[3] Since the Guaranties provide that the "governing law" provision of the Finance Agreements applies to the Guaranties, Nebraska law governs the Guaranties as well as the Finance Agreements.

- 3 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

Here, there is no dispute that the Defendants executed the Finance Agreements and the Guaranties (collectively, the "Contracts") and that the Contracts are valid and enforceable. *See generally* Van Bibber Dec. Likewise, there is no dispute concerning: (i) the existence of a contractual relationship between the Defendants and AMUR; (ii) the terms and effect of the Contracts; (iii) that the Defendants breached the Contracts by failing to pay all monies due and owing AMUR thereunder; (iv) that AMUR has suffered damages by virtue of not being paid; and (v) that AMUR performed its own contractual duties under the Contracts. *See id.* The Defendants have not and cannot deny that they entered into the Contracts, that they defaulted under the Contracts by failing to render payments when due, and that their breach remains outstanding. Accordingly, the Defendants are liable to AMUR under the terms of the Contracts.

## C. California Law Governs AMUR'S Request For Attorneys' Fees And Costs.

While Nebraska law applies to the breach of contract claim, the determination as to whether California or Nebraska law applies to the recovery of attorney's fees is a separate inquiry[4]. *See Arno v. Club Med Boutique Inc.*, 134 F.3d 1424 (9th Cir. 1998) (applying California law to attorneys' fees even though French law governed the underlying tort dispute). In engaging in this determination, the Court must again apply the *Nedlloyd* test discussed in Section A, *supra*.

While there is no doubt that the first test of the *Nedlloyd* analysis is met (as Nebraska has a substantial relationship to the Action), unlike a simple breach of

---

[4] For purposes of clarification, the Court requsted AMUR to provide information regarding what law applies to AMUR's request to recover attorneys' fees and costs and prejudgment interest on those fees and costs. Notably, however, AMUR does not seek to recover pre-judgment interest on those attorneys' fees and costs; only contractual pre-judgment interest on the amounts due and owing under the Contracts.

- 4 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

contract claim, California *does* have a fundamental policy concerning the reciprocity of attorneys' fee provisions in contracts. Particularly, California Civil Code section 1717(a) expressly provides that, "[a]ttorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void." Cal. Civ. Code § 1717(a). Indeed, the Court of Appeal has held that Section 1717 represents a basic and fundamental policy choice by the State of California that non-reciprocal attorney's fees contractual provisions create reciprocal rights to such fees. *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 217 (2005).

Here, the Finance Agreements contain a nonreciprocal attorneys' fee provision, providing, "[y]ou shall reimburse us for all costs we incur when enforcing our rights including our attorneys' fees and costs of repossession, repair, storage, and remarketing of the Collateral." *See* Van Bibber Dec. Exs. A ¶ 6 and C ¶ 6. It is clear that California has a fundamental policy interest in protecting its citizens "from unfair litigation tactics or procedures," including non-reciprocal attorneys' fee clauses. Like in *ABF Capital Corp.*, if Nebraska law applied to enforce the Finance Agreements as written, the Defendants, both California residents, would be on the losing end of a non-reciprocal attorneys' fee clause when litigating in a California court.

Accordingly, because California has a fundamental policy interest in the determination of the issue of the recovery of attorneys' fees, the Court must engage in the final *Nedlloyd* test to determine if California has a materially greater interest in this issue than Nebraska. *Id.* In order to determine if California has a "materially greater interest" in this issue, the Court must consider the following factors: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract and

- 5 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

(e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093, 1095-96 (C.D. Cal. 2010) (internal quotation marks omitted).

Here, the Action involves two California Defendants contracting with a Nebraska corporation. Particularly, the California Defendants contracted in California to finance certain equipment in California, which equipment is located in California and remains in California. *See* Van Bibber Dec. Exs. A and C. Thus, given that the contracting and performance of the Contracts took place in California, the location of the subject matter of the Contracts is in California, and that the Defendants are California residents, it is clear California has a materially greater interest in the issue of attorneys' fees and costs. *See ABF Capital Corp.*, 126 Cal. App. 4th at 813) (recognizing that one of the fundamental purposes of § 1717 is to ensure that California citizens in a disadvantageous bargaining position are protected against non-reciprocal attorneys' fee clauses when litigating in California courts); *see also First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1156 (9th Cir. 2015). Accordingly, California law applies to the recovery of attorneys' fees and costs.

**D.    An Award Of Contractual Attorneys' Fees And Costs Is Permitted Under California Law.**

California Civil Code § 1717(a) provides for the recovery of attorneys' fees and costs by the prevailing party in a breach of contract case where, as here, the Contracts specifically provide for the recovery of attorneys' fees and costs[5]. *See* Cal. Civ. Code § 1717(a). Accordingly, if the Motion is granted, AMUR would be deemed the "prevailing party" and entitled to recovery of its contractual attorneys' fees and costs.

---

[5] Because California law governs the award of attorneys' fees and costs, AMUR did not analyze the outcome under Nebraska law.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO

## **CONCLUSION**

In sum, AMUR respectfully submits that Nebraska law governs its breach of contract claims and California law governs its request for attorneys' fees and costs. Accordingly, AMUR respectfully requests that the court grant its Renewed Motion for Default Judgment.

Dated:  October 20, 2017                    VEDDER PRICE (CA), LLP


                                            By:  /s/ Lisa M. Simonetti
                                                 Lisa M. Simonetti

                                            Attorneys for Plaintiff AMUR
                                            Equipment Finance, Inc. f/k/a Axis
                                            Capital, Inc.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

Supplemental Memorandum of Law in Further Support of Plaintiff AMUR Equipment Finance, Inc. f/k/a Axis Capital, Inc.'s  Renewed Motion for Default Judgment
CASE NO.: 1:17-CV-00416-AWI-SKO